# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 13, 2017

Joann Whiting
1332 N. Woodyear Street
Baltimore, MD 21217

Aparna V. Srinivasan
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

RE:     *Joann Whiting v. Commissioner, Social Security Administration*;
        Civil No. SAG-17-737

Dear Ms. Whiting and Counsel:

On March 17, 2017, Plaintiff Joann Whiting petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the Commissioner's Motion for Summary Judgment, Plaintiff's reply, and the medical records Ms. Whiting filed in response, in addition to arguments made by Ms. Whiting's former attorney at the administrative level. [ECF Nos. 17, 19, 21]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Whiting filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 8, 2011, alleging a disability onset date of March 31, 2009. (Tr. 391-404). Ms. Whiting later amended her alleged disability onset date to July 1, 2013. (Tr. 45). Her claims were denied initially and on reconsideration. (Tr. 137-58, 161-210). A hearing, at which Ms. Whiting was represented by counsel, was held on December 4, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 73-136). Following that hearing, the ALJ determined that Ms. Whiting was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 213-34). The Appeals Council ("AC") granted Ms. Whiting's request for review and remanded her claims for further proceedings. (Tr. 235-40). The ALJ held a second hearing, at which Ms. Whiting was again represented by counsel, on May 12, 2015. (Tr. 41-72). The ALJ subsequently issued a new decision, again finding that Ms. Whiting was not

disabled. (Tr. 20-40). This time, the AC denied Ms. Whiting's request for review, (Tr. 8-12), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Whiting suffered from the severe impairments of "obesity, hypertension, hyperlipidemia, mitral valve prolapse, status-post hysterectomy and tubal ligation, alcohol dependence, depression, and adjustment disorder." (Tr. 23). Despite these impairments, the ALJ determined that Ms. Whiting retained the residual functional capacity ("RFC") to:

> perform sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a), except that she can no more than occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ladders, ropes, and scaffolds; avoid concentrated exposure to extreme temperatures, excessive vibration, and hazards such as moving machinery and unprotected heights. In addition, she can only perform simple, routine, repetitive, low-stress (no strict production quotas) work involving no more than occasional interaction with supervisors, co-workers, and the general public.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, if Ms. Whiting stopped substance use, she could perform her past relevant work as a patient financial representative/insurance clerk, along with other jobs existing in significant numbers in the national economy. (Tr. 31-32). Accordingly, the ALJ determined that Ms. Whiting was not disabled. (Tr. 32).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Whiting's favor at step one and determined that she has not engaged in substantial gainful activity since her amended alleged onset date of July 1, 2013. (Tr. 23); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Whiting claimed prevented her from working. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). After finding at least one of Ms. Whiting's impairments severe, (Tr. 23), the ALJ continued with the sequential evaluation and considered, in assessing Ms. Whiting's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Whiting's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 23-25). In particular, because Ms. Whiting alleged several mental impairments, the ALJ applied the special

technique for evaluation of such claims, using a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. The ALJ determined that, even "including the substance use disorder," Ms. Whiting had only mild restriction in activities of daily living, moderate difficulties in social functioning and concentration, persistence, or pace, and no episodes of decompensation. (Tr. 24). Therefore, the mental health listings are not met. The ALJ did not identify or evaluate any physical listings. Under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met. *See Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)); *see also Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Ms. Whiting's RFC, the ALJ summarized her subjective complaints from her hearing testimony. (Tr. 25). The ALJ then engaged in a detailed review of her mental and physical medical records. (Tr. 25-29). The ALJ noted that the substantive mental health records in the file included only (1) a mental health screening with Dr. Veronica Franklin on August 24, 2011; (2) a psychiatric evaluation with Dr. Nadia Zakriya on June 5, 2012; and (3) a follow-up evaluation with Dr. Franklin on May 15, 2013. (Tr. 25-26). Dr. Franklin then issued a series of opinions about Ms. Whiting's functional capacities. (Tr. 26-27). In assessing those opinions, the ALJ noted: "In a statement dated June 3, 2015, Dr. Franklin indicated that she had seen the claimant in weekly sessions since June[,] 2012. The undersigned notes that there is no objective clinical evidence to support this claim." (Tr. 27). The ALJ further stated, with respect to Dr. Franklin:

> In addition, she asserts a variety of diagnoses and symptoms to support her conclusions, none of which are objectively documented in the record, as there are no ongoing objective treatment notes in evidence containing the necessary clinical signs and laboratory studies. It follows that her June[,] 2015 conclusions are afforded no more than modest weight, because the supporting facts she presents are not supported by any objective clinical treatment notes.

(Tr. 28).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Whiting's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d

1453, 1456 (4th Cir. 1990). It is the claimant's burden to produce medical records in support of her claim. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the claimant bears the burden of proof during the first four steps of the sequential evaluation). In fact, in this case, Ms. Whiting's then-attorney requested additional time to provide treatment records from Dr. Franklin, and then requested another one-week extension, but eventually produced only Dr. Franklin's unsubstantiated opinions without supporting documentation. (Tr. 44, 527). In considering the entire record, and the evidence outlined above, I cannot find error in the ALJ's conclusion that Dr. Franklin's assertions were simply unsupported by the record evidence. I note that, even in the more complete set of medical records filed in this Court by Ms. Whiting, there are no additional treatment notes from her sessions with Dr. Franklin, although there is a summary document appearing to corroborate the fact that weekly appointments were held. Without the contemporaneous treatment notes to substantiate Dr. Franklin's opinions, the ALJ appropriately assigned those opinions less weight.

Next, the ALJ determined that, if Ms. Whiting stopped all substance use, a person with her RFC would be capable of performing her past relevant work as a patient financial representative/insurance clerk, in addition to other sedentary work existing in significant numbers in the national economy. (Tr. 31-32). Ms. Whiting challenges the suggestion that alcohol use is impacting her mental condition, and the record seems to substantiate that Ms. Whiting stopped consuming alcohol some time ago (although the precise end date is not clear from the medical evidence). However, again, without treatment records from Dr. Franklin to depict Ms. Whiting's mental state after she stopped using alcohol, the ALJ justifiably based his conclusions on the few records available to him (which were written during Ms. Whiting's period of alcohol use). Accordingly, I find that the ALJ's determination was supported by substantial evidence on the record presented to him.

In support of her request for remand, Ms. Whiting filed two large envelopes of medical records, which I have reviewed in full. [ECF No. 21]. Many of the records are already contained within the administrative file reviewed by the ALJ.[1] There are three new categories of items: (1) one new document showing, in summary format, the dates of Ms. Whiting's medical appointments at True Health Center ("THC"), including her weekly visits with Dr. Franklin; (2) a folder of cardiology records from Union Memorial; and (3) medical records post-dating the ALJ's opinion (from the years 2016 and 2017). Because those items were not provided to the Commissioner in the underlying proceedings, they can only be considered under sentence six of 42 U.S.C. § 405(g), which provides:

---

[1] In addition, one set of documents filed by Ms. Whiting includes Family and Medical Leave Act documentation from her employment in the 2005-2007 time frame, a statement from the Faculty and Staff Assistance Program describing supportive sessions in 2003 and 2006, and a toxicology test result from 1997. Although those documents evidence that Ms. Whiting had medical concerns going back to those early dates, some of the documents are already contained in the administrative record, and even those that were not do not constitute "new and material evidence" that might materially impact the ALJ's determination as to whether Ms. Whiting was disabled on or after her amended alleged onset date of July 1, 2013. *See* 42 U.S.C. § 405(g).

> The court may . . . at any time order additional evidence to be taken before the
> Commissioner of Social Security, but only upon a showing that there is new
> evidence which is material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g). When invoking sentence six, a court does not either affirm or reverse the Commissioner's decision. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.*

Importantly, a reviewing court must find that four prerequisites are met before a case can be remanded to the Commissioner on the basis of new evidence:

> the evidence is relevant to the determination of disability at the time the
> application was first filed; (2) the evidence is material to the extent that the
> Commissioner's decision might reasonably have been different had the new
> evidence been before him; (3) there is good cause for the claimant's failure to
> submit the evidence when the claim was before the Commissioner; and (4) the
> claimant made at least a general showing of the nature of the new evidence to the
> reviewing court.

*Blair ex rel. J.D.S. v. Astrue*, Civil No. 1–10cv–1476–RMG–JDA, 2012 WL 1016633, at *4 (D.S.C. Feb. 29, 2012) (*citing Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). *See also* 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983). In this case, the summary report from THC simply evidences that Dr. Franklin indeed saw Ms. Whiting on a weekly basis (or close thereto). In assessing Dr. Franklin's opinions, the ALJ had noted "that there is no objective clinical evidence to support" the assertion that Ms. Whiting had weekly sessions with Dr. Franklin. (Tr. 27). While the summary report is certainly objective evidence of the visits, it is not "clinical." In fact, as discussed above, neither the administrative record nor the records submitted by Ms. Whiting contain Dr. Franklin's treatment notes (other than the intake visit and a single additional visit in May of 2013).

Ms. Whiting's filing also contains cardiology records from MedStar Medical Group at Union Memorial, both from the 2014-2015 time frame before the ALJ's December 8, 2015 opinion, and from 2016. None of those documents became part of the administrative record below. With respect to the 2014-2015 records, Ms. Whiting has failed to show (1) good cause for not submitting the evidence when the claim was before the Commissioner, and (2) how the Commissioner's decision might reasonably have been different if the new evidence were considered. As noted above, the burden of producing medical records rests with the claimant and her counsel at the administrative proceedings. *See Pass,* 65 F.3d at 1203. Moreover, the 2014-2015 cardiac records seem largely consistent with the earlier records reflecting "only mild, at most, reduction in cardiac function." (Tr. 28). The records at that time indicated that Ms. Whiting's cardiac symptoms were well-controlled on flecainide. In light of the ALJ's reduction

of Ms. Whiting's exertional capacity to sedentary to account for her cardiac symptoms, the additional 2014-2015 cardiac records do not indicate that the Commissioner's decision would have differed had the records been considered.

With respect to the cardiac records Ms. Whiting submitted from 2016, those records do not clearly relate to the time frame predating the ALJ's opinion. The records reflect that a Holter monitor showed that Ms. Whiting had some cardiac symptoms as of January 16, 2016, but that Ms. Whiting "remains active and is exercising regularly without difficulty." *See* Office Visit Note from April 12, 2016. Although the records reflected increased fatigue developing later in 2016, *see* Office Visit Note from June 16, 2016, and October 18, 2016, those records would only be relevant to a subsequent application for disability benefits. Similarly, Ms. Whiting has submitted newer records from her primary care physician from 2016 and 2017, reflecting some joint pain and back pain, and a medical record from June 22, 2017, showing that Ms. Whiting was diagnosed with "carpal tunnel syndrome of right wrist." In the absence of any evidence showing the duration or severity of those conditions, the records do not constitute "new and material evidence" showing that the ALJ's decision on December 8, 2015 was erroneous. *See* 42 U.S.C. § 405(g). Those records also would only be relevant to a new application for benefits incorporating the 2016-2017 timeframe.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, (ECF No. 17), is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge